## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REINA ELIZABETH RAMIREZ MEJIA, *et al.*,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **No. 1:19-cv-2492 (EGS/GMH)** |
| ) | |
| **CATHEDRAL LANE LLC, *et al.*,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM OPINION AND ORDER

This is an action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Revision Act ("Minimum Wage Act"), D.C. Code § 32-1001, *et seq.*; and the District of Columbia Payment and Collection of Wages Law ("Wage Payment Law"), D.C. Code § 32-1301, *et seq.* At the end of October 2021, Plaintiffs served 146 Requests for Admission ("RFAs") on Defendant Gjergji Sinoimeri pursuant to Rule 36 of the Federal Rules of Civil Procedure. The 30-day window for Defendant Sinoimeri to provide responses came and went; 26 days after that window closed, near the end of December, he served tardy answers, although by then the RFAs had been deemed admitted under the Rule. More than a month-and-a-half later, he filed the motion now before the Court, which seeks to "amend" his answers to the RFAs. More accurately, he seeks an order from the Court accepting his late submission to avoid the consequences of his failure to timely respond. Such marked indolence— even dereliction—on the part of a litigant in federal court would seem to counsel in favor of

denying the motion.[1]   However, recognizing that deeming RFAs admitted is a harsh sanction—particularly where, as here, many of those admissions concern material facts and some concern ultimate facts—and that Defendant Sinoimeri has satisfied the requirements imposed by Rule 36(b) for amendment of admissions, the Court will grant Defendant Sinoimeri's motion.

## I.     BACKGROUND

Plaintiffs filed their original complaint in August 2019.   They alleged that current Defendant Sinoimeri and a now-dismissed Defendant, James Woods, were each an "owner, officer, director and/or member" of Defendant Cathedral Lane, a limited liability company formed to operate a restaurant known as Bourbon in the Adams Morgan neighborhood of Washington, D.C.   ECF No. 1, ¶¶ 3–5.   According to that complaint, Plaintiffs were hired by Defendant Sinoimeri and Woods to work on an hourly basis in the kitchen of Bourbon.   *Id.*, ¶¶ 1–2, 9. Although they were typically paid every two weeks, in mid-2018, "Defendant stopped paying Plaintiffs on a regular basis and for a significant number of hours they worked, paid them nothing at all."   *Id.*, ¶¶ 12–13.   Plaintiffs sued Sinoimeri, Woods, and Cathedral Lane for violations of the FLSA, the Minimum Wage Act, and the Wage Payment Act, alleging that each Defendant fit the definition of an "employer" under each statute and that they were therefore jointly and severally liable for the alleged statutory violations.   *Id.*, ¶¶ 3–5, 18–37.   In January 2020, Plaintiffs filed an uncontested motion for leave to amend their complaint to "clarif[y] some of the facts supporting Defendant Sinoimeri's status as an employer"[2] under the statutes and to add a claim that Defendant

---

[1] The following docket entries are relevant to the resolution of this motion:  (1) the amended complaint (ECF No. 13); (2) Defendant Sinoimeri's motion to amend his RFA answers (ECF No. 40); and (3) Plaintiffs' opposition to the motion (ECF No. 41).  Defendant Sinoimeri did not file a reply.  The page numbers used herein are those assigned by the Court's CM/ECF system.

[2] The proposed amended complaint somewhat softened the allegations against Defendant Sinoimeri, excising the word "substantially" from the allegation that he was "substantially involved in Cathedral's operations," deleting the allegations that Defendant Sinoimeri in fact hired both Plaintiffs, set their wages, signed their pay checks, and determined their work schedules, among other things.  *See* ECF No. 9-2, ¶ 5.

Sinoimeri and Woods were also liable for any violations as alter egos of Cathedral Lane.  ECF No. 9 at 3; *see also* ECF No. 9-2, ¶¶ 5, 38–43.  That motion was granted.  Minute Order (Jan. 21, 2020).

Cathedral Lane neither responded to the original complaint within the time period specified by Rule 12(a) of the Federal Rules of Civil Procedure nor sought an extension of time, so Plaintiffs sought entry of default against it.  ECF No. 11.  The Clerk of Court entered a default in January 2020.  ECF No. 14.  Woods, whom Plaintiffs had difficulty serving, was served in late January, but also failed to timely answer; the Clerk of Court entered a default against him, as well.  ECF Nos. 17, 21–23.  Woods filed a suggestion of bankruptcy in July 2020, and Judge Sullivan stayed the case pending resolution of Woods' bankruptcy proceedings.  ECF No. 27; Minute Order (July 31, 2020).  Judge Sullivan lifted the stay, dismissed the claims against Woods, and set a discovery schedule in October 2020.  Minute Order (Oct. 27, 2020).  That discovery schedule was extended twice at the request of the parties and discovery closed on October 18, 2021, with requests for admission due one week later.  ECF Nos. 33, 36; Minute Order (Mar. 3, 2021); Minute Order (Aug. 31, 2021).

On October 25, 2021, Plaintiffs propounded RFAs on Defendant Sinoimeri in accordance with the schedule imposed by Judge Sullivan.  Minute Order (Aug. 31, 2021); ECF No. 40-1. Those RFAs—146 of them—requested that Defendant Sinoimeri admit, among other things, that

- Plaintiffs were not paid all of the wages they earned working for Cathedral Lane (*see, e.g.*, ECF No. 40-1, RFA Nos. 3, 5–7, 9, 30, 33–34, 38–39, 42, 128); Defendant Sinoimeri lacks evidence to refute Plaintiffs' claims that they were not paid or not paid the correct wage (*see id.*, RFA Nos. 31, 35– 36, 40, 129, 132, 140, 146); and Defendant Sinoimeri made deductions from Plaintiffs' pay but failed to issue either a Form W-2 or Form 1099 for the 2018 tax year (*see id.*, RFA Nos. 141–142).

- Defendant Sinoimeri was a signatory on a number of Cathedral Lanes operating accounts (*see id.*, RFA Nos. 45–48); had the authority to draw on those accounts to pay employees (*see id.*, RFA No. 49); hired Cathedral Lane's accountant, who took instruction only from him (*see id.*, RFA Nos.

56–59); was a "manager" and "managing member" of Cathedral Lane (*see id.*, RFA Nos. 62, 68–69); owned 42% of Cathedral Lane (*see id.*, RFA No. 76); contributed his personal funds to Cathedral Lane to cover a payroll shortfall (*see id.*, RFA No. 60); was the managing member of an entity called Bourbon RE LLC that owned the building from which the restaurant operated (*see id.*, RFA Nos. 62–64); was personally liable for the mortgage secured by the property owned by Bourbon RE LLC (*see id.*, RFA No. 97); and made payments toward the mortgage on that property from one of Cathedral Lane's operating accounts, repeatedly leaving a negative balance in that account (*see id.*, RFA Nos. 106–120, 123).

- Cathedral Lane never had formal member meetings or kept minutes (*see id.*, RFA Nos. 72–73, 77) and had no capital reserves on hand at the end of 2015, 2016, 2017, and 2018 (*see id.*, RFA Nos. 90–93).

Under Rule 36, answers or objections to the RFAs were due by November 24, 2021.  *See* Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ."). Defendant Sinoimeri admits that he "failed to respond to the [RFAs] until 20 December 2021," which is "beyond the 30 days permitted by Rule 36," asserting that the delinquency was due to his counsel's "illness . . . and the holidays."  ECF No. 40 at 1; *see also* ECF No. 40-2.

Counsel for Defendant Sinoimeri asserts that, in mid-January, counsel for Plaintiffs "indicated that the responses were untimely, and that he would move to have all requested admissions deemed admitted."  ECF No. 40 at 1.  On February 7, 2022, Plaintiffs' counsel sent a letter to counsel for Defendant Sinoimeri noting that the RFAs were "automatically deemed admitted unless the late response is excused by the Court" and that Defendant Sinoimeri had "not moved to excuse his untimely response."  ECF No. 40-3 at 1 (citing authority).  The letter also objected to the majority of the responses included in Defendant Sinoimeri's December 20 response to the RFAs.  *Id.* at 2 (asserting that some responses were ambiguous, some failed to explain a denial, some failed to state that a reasonable inquiry was made prior to a denial, some were invalid, and some were non-existent).  Plaintiffs planned to file a motion on February 16, 2022, to "deem

specific admissions admitted based on the insufficient responses." *Id.* On February 8, 2022, Defendant Sinoimeri filed this motion.[3]

On March 1, 2022, Judge Sullivan referred the motion to the undersigned and further vacated the deadlines in the operative scheduling order.[4]

## II.    DISCUSSION

As noted, requests for admission are governed by Rule 36. Under that Rule:

A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

> (A) facts, the application of law to fact, or opinions about either; and

> (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). If the party on whom the RFAs are served fails to respond with answers or objections within 30 days, the "matter is admitted." Fed. R. Civ. P. 36(a)(3); *see also, e.g.*, *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1054 (7th Cir. 2000) (noting that requests for admission are "deemed admitted by operation of law" if not responded to within 30 days); *Baker v. Potter*, 212 F.R.D. 8, 12 (D.D.C. 2002) (absent a timely response or objection, "matters contained in the requested admissions are automatically admitted"). A matter deemed admitted "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). A court may grant such a motion if (1) "it would promote the presentation of the merits of the action" and (2) "the court is not persuaded that it would prejudice

---

[3] For reasons unclear to the Court, the motion asserts that it is filed on behalf of "Cathedral Lane LLC *et al[.]*," even though the requests for admission at issue were served only on Defendant Sinoimeri. *See* ECF No. 40 at 1 (emphasis added); ECF No. 40-1 at 1 (entitled "Plaintiff's [*sic*] First Request for Admissions to Defendant Gjergji Sinoimeri").

[4] It appears, however, that all deadlines in that scheduling order have passed. Discovery closed on October 18, 2021; the deadline for service of RFAs was October 25, 2021; and dispositive motions were to be filed by December 17, 2021. Minute Order (Aug. 31, 2021).

the requesting party in maintaining or defending the action on the merits." *Id.* In this case, that inquiry militates in favor of granting Plaintiffs' request and allowing amendment of the RFAs.

### A. Promoting the Presentation of the Merits of the Action

Courts have interpreted the first requirement of Rule 36(b) differently. Some courts have asserted that this prong is met only when the admissions at issue "would . . . render a consideration of the merits unnecessary and effectively end the case." *Munchkin, Inc. v. Furminator, Inc.*, No. 4:08-CV-00367, 2008 WL 4838145, at *1 (E.D. Mo. Nov. 6, 2008). Those cases are based on a crabbed reading of both the precedents on which they rely and the very text of the rule. For example, a number of cases state that the first requirement of Rule 36(b) "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case," or words to that effect. *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *see also Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (quoting *Hadley*, 45 F.3d at 1348); *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1266 (11th Cir. 2002) (same); *Davis v. Noufal*, 142 F.R.D. 258, 259 (D.D.C. 1992) (finding the first prong met where "[a]llowing the admissions to stand would block any consideration of the merits"). However, as other courts have pointed out, while "eliminating all merits-based arguments can be *sufficient* to satisfy the first prong," that does not mean "it is *necessary*." *Arias v. Robinson*, No. 2:21-cv-644, 2022 WL 36915, at *2 (D. Nev. Jan. 4, 2022) (citing *Ina v. CV Scis.*, No 2:18-cv-1602, 2021 WL 5822087, at *2 (D. Nev. Apr. 13, 2021)); *see also, e.g.*, *Milliner v. Mut. Sec., Inc.*, No. 15-CV-03354, 2017 WL 2591864, at *4–5 (N.D. Cal. June 15, 2017) (noting that the Ninth Circuit "did not specify that the first part of this test is satisfied *only* when 'upholding the deemed admissions eliminated any need for a presentation of the merits.' The court merely established that such circumstances are sufficient to satisfy the first part of the test." (internal citation omitted) (quoting *Conlon*, 474 F.3d at 622)).

That is, the cases stating that granting a motion to withdraw or amend admissions will promote the presentation of the merits where those admissions would entitle the opposing party to judgment in its favor do not announce a rule that it is *only* in those circumstances that Rule 36(b)'s first requirement is met.  Indeed, it is difficult to see how any fair reading of Rule 36(b)'s language— that amendment or withdrawal must "promote the presentation of the merits of the action"—could be construed to require a movant to show that the admissions, if credited, would "equate to a judgment for damages."  *Visteon Glob. Techs., Inc. v. Garmin Int'l, Inc.*, No. 2:10-CV-10578, 2013 WL 8017532, at *8–9 (E.D. Mich. Oct. 25, 2013) (quoting the record), *report and recommendation adopted*, 2014 WL 1028927 (E.D. Mich. Mar. 17, 2014).

Thus, the better interpretation is that courts reviewing the first factor should consider merely whether "the merits will be promoted, served, or aided."  *Id.*, at *9; *see also Shaw v. Ultimate Franchises, Inc.*, No. 8:18-CV-2273, 2020 WL 3213678, at *1 (C.D. Cal. Apr. 17, 2020) (stating that Rule 36(b) does not require a movant to establish that "he would be unable to present the merits of the case unless the admissions were withdrawn," but rather asks only "whether relief from the admission 'would promote the presentation of the merits'" (first quoting the record, then quoting Fed. R. Civ. P. 36(b))).  The merits will be promoted where allowing amendment or withdrawal will facilitate presentation of "arguments central to [the] action."  *Arias*, 2022 WL 36915, at *3; *see also Austin v. District of Columbia*, No. Civ. A. 05-2219, 2007 WL 1404444, at *13 (D.D.C. May 11, 2007) (finding that allowing withdrawal of a deemed admission would promote presentation of the merits where crediting the admission could deprive the defendant "of the ability to contest *one of* the essential elements" of the plaintiff's case (emphasis added)).  Put another way, the merits are promoted by allowing withdrawal or amendment where the fact deemed admitted or mistakenly admitted is both material and contested.  *See, e.g., Edeh v. Equifax*

*Info. Servs., LLC*, 295 F.R.D. 219, 224 (D. Minn. 2013) ("When a material fact is clearly contested, considering that fact to be admitted precludes, rather than promotes, presentation of the case on the merits."), *aff'd*, 564 F. App'x 878 (8th Cir. 2014).

Here, the facts that have been deemed admitted are unquestionably material. For example, "[t]o make out an FLSA violation, an employee need only 'prove[ ] that he has in fact performed work for which he has been improperly compensated.' Thus, an FLSA claim consists of only two elements: (1) performance of work and (2) improper compensation." *Cabrera v. B&H Nat'l Pl., Inc.*, 2015 WL 9269335, at *2 (D.D.C. Sept. 28, 2015) (second alteration in original) (internal citation omitted) (quoting *Figueroa v. District of Columbia*, 633 F.3d 1129, 1134–35 (D.C. Cir. 2011)). Here, Defendant Sinoimeri has been deemed to admit that the two Plaintiffs were not paid for all of the hours they worked for Cathedral Lane. ECF No. 40-1, RFA Nos. 3, 5–7, 9, 30, 33– 34, 38–39, 42, 128. That is, he has admitted an ultimate issue under the FLSA. To be sure, even with those admissions credited, he would still be able to argue that he was not an employer under the statute or an alter ego of Cathedral Lane, but, as noted above, it is not necessary that the admissions sought to be withdrawn or amended would result in judgment as a matter of law against the movant, only that the admissions are material and contested.

More, other admissions are clearly material to whether Defendant Sinoimeri was an "employer" under the statute and to whether he was Cathedral Lane's alter ego. To determine whether an individual is an "employer" under the FLSA, "courts look to the 'economic reality' of the employment relationship" and "assess the 'totality of the circumstances,' considering factors such as whether the putative employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work; (3) determined the rate and method of payment, and (4) maintained employment records." *Wilson v. Hunam Inn, Inc.*, 126 F. Supp. 3d 1, 5 (D.D.C. 2015)

(internal citation omitted) (quoting *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001)).   Some of the RFAs at issue are relevant to those questions.   For example, Defendant Sinoimeri has currently been deemed to have admitted that he had authority to write checks from Cathedral Lane's operating accounts to pay employees and did in fact pay employees from those accounts.   ECF No. 40-1, RFA Nos. 49, 121, 126.   He has also admitted that he hired and instructed Cathedral Lane's accountant and "operate[d]" Cathedral Lane after its manager stepped down.   *Id.*, RFA Nos. 58–59, 125.   As to the alter ego question, a party will be permitted to pierce the corporate veil where "'there is (1) unity of ownership and interest, and (2) use of the corporate form to perpetrate fraud or wrong,' or 'other considerations of justice and equity' justify it." *McWilliams Ballard, Inc. v. Broadway Mgmt. Co.*, 636 F. Supp. 2d 1, 8 (D.D.C. 2009) (quoting *Estate of Raleigh v. Mitchell*, 947 A.2d 464, 470 (D.C. 2008)) (noting that the same test applies under federal law).   Among the factors used to determine whether to pierce the corporate veil include are "'(1) whether corporate formalities have been disregarded, (2) whether corporate funds and assets have been extensively intermingled with personal assets, (3) inadequate initial capitalization, and (4) fraudulent use of the corporation to protect personal business from the claims of creditors.'" *Id.* (quoting *Estate of Raleigh*, 947 A.2d at 470–71).   By failing to respond to Plaintiffs' RFAs in a timely manner, Defendant Sinoimeri has admitted that he made payments on a mortgage for which he was personally liable from one of Cathedral Lane's operating accounts (*see* ECF No. 40-1, RFA Nos. 106–107, 109, 111–112, 114, 116, 118, 123) and that Cathedral Lane never had formal member meetings or kept minutes and had no capital reserves on hand at the end of 2015, 2016, 2017, and 2018 (*see id.*, RFA Nos. 72–73, 77, 90–93).   More, Defendant Sinoimeri seeks to withdraw each of those admissions in favor of denials.[5]   *See* ECF No. 40-2,

---

[5] To be sure, Defendant Sinoimeri's proposed amended responses are not models of clarity and many may not be proper under Rule 36, as Plaintiffs pointed out in a meet and confer letter dated February 7, 2022.   ECF No. 40-3 at 2

RFA Nos. 49, 58–59, 72–73, 77, 90–93, 106–107, 109, 111–112, 114, 116, 118, 121, 123, 125–126.  Therefore, the Court finds that Defendant Sinoimeri has met the first requirement of Rule 36(b)—that allowing the admissions to be withdrawn and amended will promote the presentation of the merits of the action.

### B.      Prejudice

The second requirement of Rule 36(b) is also met, because Plaintiffs have not shown that granting the motion would "prejudice [them] in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).  Plaintiffs argue that they will be prejudiced because accepting Defendant Sinoimeri's proposed responses to the RFAs will delay resolution of the case.  Specifically, Plaintiffs argue that, if they "accept the responses in the form served by [Defendant Sinoimeri], they will be forced to substantially expand the scope of evidence they will need to present at trial since they will be required to prove every single fact which could potentially be relevant to their claims." ECF No. 41 at 5.  On the other hand, if they challenge the sufficiency of the responses under Rule 36, they will be "require[d] . . . to expend further time and resources conferring with [Defendant Sinoimeri], and likely briefing the issue if a resolution cannot be reached." *Id.* at 5–6.

The Court is sympathetic to Plaintiffs' position.  Indeed, it has doubts that many of Defendant Sinoimeri's proposed RFA responses are compliant with the requirements of Rule 36, for many of the reasons Plaintiffs identify in their letter of February 7, 2022.  *See* ECF No. 40-3.

---

(asserting that certain proposed responses are ambiguous, others are insufficient because they deny an RFA without explanation or deny without "explain[ing] in detail why or stat[ing] whether [Defendant Sinoimeri] had made a reasonable inquiry," and still others are improper because they, in essence, state that the records speak for themselves). Plaintiffs and Defendant Sinoimeri will have the opportunity to continue to meet and confer on those responses and, if they cannot resolve their disputes, to seek the assistance of the Court.  Defendant Sinoimeri is cautioned, however, that, if a court finds that the answer to an RFA "does not comply with the dictates of Rule 36, 'the court may order . . . that the matter is admitted.'" *District of Columbia ex rel. Z-Modular, LLC v. MCN Build, Inc.*, No. 18-cv-2947, 2020 WL 4001458, at *2 (D.D.C. July 15, 2020) (quoting *Light v. Carranza*, No. 08-cv-1074, 2011 WL 13244745, at *2 (D.D.C. Sept. 28, 2011)).  In any case, it is clear that a number of the facts that have been deemed admitted are actually contested by Defendant Sinoimeri.  That is sufficient to meet the requirements of Rule 36(b).

However, the "prejudice" they have identified is not cognizable here.  First, as a general matter, the typical incidents of litigation—such as the "discovery burdens" of "'meeting and conferring with counsel over written discovery and filing motions related to the same,'" *Barrington v. United Airlines, Inc.*, No. 1:21-CV-00694, 2021 WL 5049157, at *4 (D. Colo. Oct. 1, 2021) (quoting the record); the necessity of "contemplat[ing] new [litigation] strategies," *Baloo v. Four Winds Recovery Ctr., Inc.*, No. CIV-03-811, 2003 WL 27384727, at *6 (D.N.M. Dec. 5, 2003); or the normal costs of litigation, *see Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 44–45 (D.D.C. 2014)—do not constitute prejudice.  Moreover, prejudice under Rule 36(b) "relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)); *accord FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994); *Pritchard v. Dow Agro Scis.*, 255 F.R.D. 164, 174 (W.D. Pa. 2009).  "[P]rejudice to [a litigant's] efforts to conduct and complete discovery," *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, No. CV 08-367, 2010 WL 11519423, at *1 (C.D. Cal. Aug. 19, 2010), or "[t]he mere fact that plaintiffs will bear the burden of proving their claims[,] . . . does not establish prejudice" under Rule 36(b), *River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 64–65 (S.D.N.Y. 2014).  Because Plaintiffs have not identified any cognizable prejudice that they would suffer if Defendant Sinoimeri's motion were granted, the second requirement of Rule 36(b) is met.

### C.   Lack of Good Faith

Lastly, Plaintiffs assert that Defendant Sinoimeri's motion should be denied because "he has not sufficiently explained why he could not timely serve responses, why he failed to seek an extension of the deadline before it expired, or why he never made Plaintiffs' counsel (or the Court)

aware of his counsel's illness or holiday scheduling issues (the alleged reasons for the delay) until, January 15, 2022, long after the deadline to serve admissions had passed."   ECF No. 41 at 6. Plaintiffs point out that Defendant Sinoimeri's excuses are devoid of detail, such as "the dates counsel was ill, whether and for [how] long she was unable to work, when she was able to return to work, and why she was unable to notify Plaintiffs or the Court about the illness or to seek an extension of the deadline."   *Id.*   Again, Plaintiffs' points are factually accurate.   Defendant Sinoimeri's counsel's representations are threadbare.   However, the focus under Rule 36(b) is not on the moving party's "excuses for erroneous admission."   *Prusia*, 18 F.3d at 640.   It is, rather, on "the 'effect on the litigation and prejudice to the resisting party.'"   *Id.* (quoting *Mid Valley Bank v. N. Valley Bank*, 764 F. Supp. 1377, 1391 (E.D. Cal. 1991)).   Thus, courts have held that a movant under Rule 36(b) does not need to provide explanations for tardy RFA responses or show excusable neglect.   *See, e.g.*, *Ascom Hasler Mailing Sys., Inc. v. U.S. Postal Serv.*, Nos. 00-cv-1401, 00-cv-2089, 2010 WL 11575605, at *1 (D.D.C. Apr. 21, 2010) ("Rule 36(b) does not require a showing of excusable neglect.   It would seem therefore that if a party fails to file its response to a request[ ] for admission and its failure causes the requests to be deemed admitted, a showing of excusable neglect is not necessary because Rule 36(b) has its own standard for relieving a party of being deemed to have admitted the requests after missing the 30-day deadline."); *see also Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 16-CV-4762, 2021 WL 101088, at *6 (S.D.N.Y. Jan. 12, 2021) ("'[T]he court has the power to make exceptions to the rule only when (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result.'   No requirement exists that the party seeking an exception show that its delay was due to excusable neglect." (internal citation omitted) (quoting *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983), *overruled on other grounds by McLaughlin v. Richland*

*Shoe Co.*, 486 U.S. 128, 133-34 (1988))); *Pritchard*, 255 F.R.D. at 171–72 ("[T]he Court finds that Plaintiffs' untimely response is best evaluated pursuant to the standard set forth in Rule 36(b), rather than the excusable neglect standard."); 8A Richard L. Marcus, *Federal Practice and Procedure* § 2257 (3d ed.) ("Though some of the cases seem to turn on whether the failure to provide a timely answer was excusable neglect, a test generally appropriate under Rule 6(b)(1)(B) for enlargement of time after the period has expired, it would seem that the test now stated in Rule 36(b) for withdrawal of admissions is tailored more precisely to the purposes of Rule 36 generally, and that the admission that otherwise would result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request." (footnotes omitted)).   The Court will therefore not deny Defendant Sinoimeri's motion based on his counsel's paltry excuses.

## III.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Sinoimeri's motion to amend his admissions (ECF No. 40) is **GRANTED.**

**SO ORDERED.**

Date:  April 25, 2022

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE